ROY E. BLEWITT, Jr., AND GLORIA C. BLEWITT, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Blewitt v. Commissioner
Docket No. 329-71.
United States Tax Court
T.C. Memo 1972-247; 1972 Tax Ct. Memo LEXIS 10; 31 T.C.M. (CCH) 1225; T.C.M. (RIA) 72247; December 19, 1972, Filed Roy E. Blewitt, Jr., pro se. David W. Winters, for the respondent. FAY
MEMORANDUM FINDINGS OF FACT AND OPINION FAY, Judge: Respondent determined a deficiency in the income tax liability of petitioners for the taxable year 1968 in the amount of $549. The issue is whether petitioners are entitled to a business expense deduction for a fee paid to Frederick Chusid & Co. for services in helping the petitioner-husband seek but not secure a new job. FINDINGS OF FACT Some of the facts have been stipulated; they are so found and incorporated herein by this reference. Petitioners, Roy E. Blewitt, Jr., and Gloria C. Blewitt, filed a joint *11 return for the year 1968 with the North-Atlantic Service Center, Andover, Massachusetts. Petitioners' legal residence on the date of the filing of the petition herein was Southport, Connecticut. Petitioner Gloria C. Blewitt is a party herein only by reason of having filed a joint return with her husband, Roy E. Blewitt, Jr., and the latter will hereinafter be referred to as petitioner. Petitioner graduated second in his class from Manhattan College in 1944 with a Bachelor's Degree in Electrical Engineering. From June 1944 until March of 1968, with the exception of a few short intervals, petitioner was steadily employed as an engineer with a number of the leading defense and appliance manufacturers. Petitioner either solely or in conjunction with other inventors holds numerous patents, mainly in the field of automatic bowling machinery. In May of 1968 petitioner obtained temporary employment as a contract engineer and in September of that year he enrolled with Frederick Chusid & Co, (Chusid), an executive career development and employing firm which assists its clients in marketing themselves and obtaining desired employment in the client's field of expertise. Chusid did not guarantee *12 petitioner a job, and the agreement between Chusid and petitioner provided for the payment of Chusid's fee regardless of whether or not petitioner obtained employment or received offers of employment as a result of Chusid's efforts. Under the agreement Chusid was prepared to provide various consultation and assistance services for a period of six months after petitioner's initial personal assessment conference, which took place sometime in mid-September. However, within a short period of time petitioner became very discouraged with Chusid's program. Basic disagreements and personality conflicts arose and petitioner voluntarily terminated his participation in the program in late November or early December 1968. Petitioner paid Chusid's fee pursuant to their agreement, even though he did not obtain employment or receive offers of employment as a result of Chusid's efforts. He was not directed to his next employer by Chusid. In his return for the taxable year 1968 petitioner deducted his fee to Chusid under section 162. [1] Respondent in his notice of deficiency increased petitioner's taxable income to reflect the disallowance of his deduction. *13 OPINION The issue is whether petitioner is entitled to a deduction for expenses incurred in seeking new employment in the same line of work where neither a job nor an opportunity of employment results from the expenditure. Petitioner in the present case has spent almost all of his working life as an engineer, and Chusid's services were requested to place him in a new position where his talents could be best utilized. Petitioner was engaged in the trade or business of being an engineer and he incurred expenses and engaged the services of Chusid in order to improve his job opportunities in that trade or business. It is now a settled proposition of law in this Court that such expenses incurred in either seeking or securing such new employment are deductible. . Respondent expresses disagreement with our decision in Cremona and further contends that the present case is distinguishable from Cremona because there the taxpayer did not voluntarily terminate his relationship with the employment agency before a new position was secured. This surely is a distinction of minor significance which does not call for a different result from *14 Cremona. The reasons for petitioner's failure to secure employment through Chusid cannot change the fact that this particular expense was paid to Chusid in its capacity as an employment agency seeking new employment for petitioner in his chosen field. Our holding makes it unnecessary to consider respondent's arguments regarding the applicability of section 212. See . Decision will be entered For the petitioners. Footnotes
1. All section references are to the Internal Revenue Code of 1954.↩